IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PRIVACASH, INC.,

                     Plaintiff,                              ORDER

   v.

                                                                  09-cv-391-slc

AMERICAN EXPRESS COMPANY, AMERICAN
EXPRESS INCENTIVE SERVICES, L.L.C. and
AMERICAN EXPRESS TRAVEL RELATED SERVICES
COMPANY, INC.,

                    Defendants.

---

      This is a civil lawsuit in which plaintiff PrivaCash, Inc. alleges that defendants are infringing plaintiff's United States Patent No. 7,328,181 (the '181 patent), which covers a "method and system for transacting an anonymous purchase over the internet." The parties disagree about the meaning of three terms used in the claims of the '181 patent and defendants moved for construction of these terms. Dkts. 38 and 41. After viewing the parties' submissions, I am persuaded that the parties disputes related to the question of infringement, and therefore, construction of the three terms is warranted at this stage.

      Although defendants also request a claims construction hearing, they merely note that "the complexity of the issues" make a hearing beneficial. Dkt. 40 at 20. Such reasoning does not persuade me that "a hearing actually is necessary for each specified term." Prelim. Pretrial Conf. Order, dkt. 31, at 2. Moreover, the technology at issue, that is, making internet purchases with a "purchase card," is not a complex issue. The explanations and interpretations provided in the written briefs and their accompanying documents are understandable. Accordingly, although I will construe the three terms in dispute, there will be no claims construction hearing; the terms will be construed using the parties' written submissions.

Finally, defendants ask that they be given an opportunity to file a reply brief to address any arguments plaintiff raises in its response brief. Under the court's procedures governing the claims construction process, reply briefs are unnecessary. Each party is required file an initial brief providing any proposed constructions or else be "limited to arguing that no construction is necessary." Dkt. 31 at 3. In filing an initial brief, a party should be attempting to persuade the court that its construction is correct. If, as in this case, both parties file initial briefs with proposed constructions, they can each address why their construction is the better one in their response briefs. Accordingly, defendants will not be granted an opportunity to file a brief in reply to plaintiff's response brief.

## ORDER

IT IS ORDERED that:

(1) The following three terms from United States Patent No. 7,328,181 will be construed by the court:

- "non-personalized cardholder name" as used in claim 1;

- "purchase cared outlet" as used in claim 1; and

- "contacting the purchase cared provider" as used in claim 1.

(2) Defendants' request for a claims construction hearing is DENIED; the terms listed above will be construed using the parties' written submissions.

(3) Defendants' request to file a brief in reply to plaintiff's response brief is DENIED.

Entered this 15th day of December, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge